```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KINGVISION PAY-PER-VIEW, LTD.,
as Broadcast Licensee of the
May 14, 2005 WRIGHT/TRINIDAD
Program,

                            Plaintiff,

                         - against -

RUDDY ARNOAT, individually and as
officer, director, shareholder and/or principal
of 284 NELLY RESTAURANT CORP.,
d/b/a NELLY RESTAURANT; 284 NELLY
RESTAURANT CORP., d/b/a NELLY
RESTAURANT,

                            Defendants.
------------------------------------------------------------X

06 Civ. 4811 (RPP)

**ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On June 21, 2006, Plaintiff, Kingvision Pay-Per-View Ltd. ("Kingvision"), filed a complaint against Defendants Ruddy Arnoat and 284 Nelly Restaurant Corp., d/b/a Nelly Restaurant ("Defendants"). The complaint alleges that the Defendants made an unauthorized showing of a boxing match on May 14, 2005 at a restaurant in Manhattan, and alleges claims arising under 47 U.S.C. §§ 553(a)(1) and 605(a) of the Communications Act of 1934.

      On September 15, 2006, after Defendants failed to answer or to move to dismiss the complaint, Plaintiff moved for a default judgment. In an Order, dated September 22, 2006, the Court granted Plaintiff's motion for a default judgment and referred the matter to Magistrate Judge Pitman for an inquest on damages. See Kingvision v. Arnoat, 06 Civ. 4811 (S.D.N.Y. Sept. 22, 2006).

1

The Court received and reviewed the Report and Recommendation of Magistrate Judge Pitman dated May 30, 2007 (the "Report"). No timely objections to the Report have been made by the parties to this action. The Court has considered the Report and agrees with the recommendation that judgment be entered for the Plaintiff, following the default, in the amount of $900.00 in statutory damages and $200.00 in costs.

Judge Pitman did not issue the permanent injunction requested by Plaintiff because "the propriety of injunctive relief [was] beyond the scope of the reference." Id. at 17. However, he found that Defendants Arnoat and 284 Nelly Restaurant Corp., d/b/a Nelly Restaurant have willfully illegally intercepted and displayed Plaintiffs program, and found evidence that said Defendants have engaged in a similar willful interception and display of Plaintiffs' programs in the past.

A court "may…issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute, and (2) it meets the prerequisites for the issuance on an injunction." Main Events/Monitor Productions v. Batista, 96 Civ. 5089, 1998 WL 760330, at *1 (E.D.N.Y. Aug. 26, 1998). The first condition to injunctive relief is satisfied here because injunction is an available remedy pursuant to 47 U.S.C. §§ 553(c)(2)(A) and 605(e)(3)(B)(i), which provides that a court "may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of this section." Furthermore, the grant of injunctive relief requires a demonstration by the moving party of irreparable harm and the absence of an adequate remedy at law. See Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 57 (1975). Here, in finding that the Defendants have engaged in similar and willful actions in the past, the likelihood of further infringement is substantial and unlikely to be prevented by a remedy at law. See Kingvision Pay-Per-View Ltd.

v. Arnoat / 284 Nelly Restaurant Corp., 06 Civ. 3616, 2007 WL 625367 (S.D.N.Y. Feb. 28, 2007) (Damages awarded on default judgment against Arnoat, individually and as an officer, director, shareholder and/or principal of 284 Nelly Restaurant Corp. d/b/a Nelly Restaurant, for violations of 47 U.S.C. §§ 553 and 605); Garden City Boxing v. Ivan Lopez / 284 Nelly Restaurant Corp., 05 Civ. 10179 (S.D.N.Y. Nov. 21, 2006) (Default judgment entered against Lopez, individually and as an officer, director, shareholder and/or principle of 284 Nelly Restaurant Corp. d/b/a Nelly Restaurant, and 284 Nelly Restaurant Corp. d/b/a Nelly Restaurant, for violation of 47 U.S.C. §§ 553 and 605). Therefore, Plaintiff's motion for an injunction is granted.

Accordingly, judgment will be entered against the Defendants jointly and severally in the amount of $1,100.00, representing $900.00 in statutory damages and $200.00 in costs to Plaintiff in bringing this action. Defendants Arnoat and 284 Nelly Restaurant Corp. are hereby enjoined from engaging in conduct in violation of 47 U.S.C. §§ 553 and 605 in the future.

IT IS SO ORDERED.

Dated: New York, New York
July 13, 2007

Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Order sent to:

Attorneys for Kingvision Pay-Per-View, Ltd.:

Lonstein Law Office, P.C.
Attn: Julie Cogen Lonstein, Esq.
1 Terrace Hill
P.O. Box 351
Ellenville, NY 12428

Ruddy Arnoat
620 West 189th St., Apt. 1B
New York, NY 10040-4223

284 Nelly Restaurant Corp.
284 Audubon Avenue
New York, NY 10033-4218